IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**EUGENE LYNN, INDIVIDUALLY AND AS**
**PERSONAL REPRESENTATIVE OF THE ESTATE**
**OF ELIZABETH WELSH, DECEASED,**

      **Plaintiff,**

v.                                                                  No. 12cv0717 MV/LAM

**BOARD OF COUNTY COMMISSIONERS OF**
**GRANT COUNTY, NEW MEXICO, et al.,**

      **Defendants.**

## ORDER DENYING MOTION FOR DEFAULT

**THIS MATTER** is before the Court on Plaintiff's *Motion for Default (Doc. 8)*, filed September 14, 2012. On March 28, 2013, the presiding judge in this case asked the undersigned to decide this motion. Defendants Gila Regional Medical Center (hereinafter, "GRMC") and the Board of Trustees of GRMC (hereinafter, "the Board"), filed a response to the motion on September 26, 2012 [*Doc. 9*], and Plaintiff filed a reply on October 10, 2012 [*Doc. 11*]. Having considered the motion, response, reply, record of this case, and relevant law, the Court **FINDS** that the motion for default shall be **DENIED as moot** in part and **DENIED without prejudice** in part.

In his motion, Plaintiff asks the Court for an entry of default against GRMC, the Board, and the "Director of the Emergency Depart[ment] of Gila Regional Medical Center." [*Doc. 8* at 1]. Plaintiff contends that these Defendants were served by certified mail on June 27, 2012,[1] and failed

---

[1] The Court notes that the returns of service dated June 27, 2012, to which Plaintiff apparently refers in his motion for default, were filed with the Court as "Certificate of Service" [*Doc. 5*] on July 19, 2012, which is not the proper event for a return of service. In addition, Plaintiff did not cite to the document number for the returns of service in his motion for default, so the Court had to search for the returns of service by opening each document in this case. Plaintiff is instructed to use proper events for future filings and to cite to document numbers to aid the Court in finding the proper documents referred to in pleadings and motions.

to file a responsive pleading, so an entry of default should be entered against them. *Id.* at 1-2. Three days after filing his motion for default, on September 17, 2012, counsel for Plaintiff had summonses issued for the Chief Executive Officer of GRMC, the Board of Trustees of GRMC, and the Director of the Emergency Department of GRMC. No separate summons was issued for GRMC.

In response, GRMC and the Board state that Plaintiff did not properly serve GRMC or the Board because service of process should have been made by serving the Grant County Clerk. [*Doc. 9* at 5]. In addition, GRMC and the Board state that "[n]either GRMC, the Board, nor [their] counsel know the identity of the person to whom Plaintiff refers as the 'Director of the Emergency Department' of GRMC." *Id.* at 4. GRMC and the Board contend that Plaintiff is not entitled to default judgment because they have not been properly served. *Id.* at 5-6. Further, GRMC and the Board ask the Court to award them costs and attorney's fees incurred in drafting their response to Plaintiff's motion for default judgment. *Id.* at 6.

In his reply, Plaintiff sates that he "is going to attempt personal service immediately on all Gila Regional Medical Center personnel named in Plaintiff's complaint," that he "has already had summonses to said Defendants issued," and that "Plaintiff will file a motion for extension of the 120-day time period for service, if personal service is not effectuated by close o[f] business o[n] October 12, 2012." [*Doc. 11* at 1-2]. Plaintiff opposes GRMC and the Board's request for attorney's fees and costs because counsel for Plaintiff attempted to figure out how to properly effect service by asking counsel for GRMC and the Board why Plaintiff's service was defective, but did not receive help from counsel for GRMC and the Board. *Id.* at 2-3.

Fed. R. Civ. P. 55 provides a two-step process to obtain a default judgment. First, the party wishing to obtain a default judgment must show "by affidavit or otherwise" that the opposing party

"has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a).  Second, the party must apply for a default judgment, either by the Clerk for a sum certain or a sum that can be made certain by computation, or by the Court.  Fed. R. Civ. P. 55(b)(1)-(2).  *See also Williams v. Smithson*, No. 95-7019, 57 F.3d 1081, 1995 WL 365988, *1 (10th Cir. June 20, 1995) (unpublished) (explaining the two-step process for obtaining a default judgment).  In addition, "absent good service, the Court has no *in personam* or personal jurisdiction over a defendant" to enter a default judgment.  *Deville v. Wilson*, No. 06-8044, 208 Fed. Appx. 629, 631, 2006 WL 3570224 (10th Cir. Dec. 11, 2006) (unpublished) (citation omitted).  A duty to answer a complaint arises only if the defendant has actually been "served with the summons and complaint." Fed. R. Civ. P. 12(a)(1)(A)(i).

In this case, on September 18, 2012, a court clerk entered a staff note on the docket stating that counsel for Plaintiff was contacted about his motion for default and asked to provide supporting documents so the Clerk's Entry of Default could be entered.  On September 20, 2012, a second staff note was entered by the court clerk stating that counsel for Plaintiff called back about the default and stated that he was conducting research to provide documentation necessary to acquire default, and that he was trying to figure out why his service was defective, as alleged by his opposing counsel. No further attempts were made by Plaintiff to provide the necessary documentation to obtain an entry of default by the clerk under Fed. R. Civ. P. 55(a).

The Court's docket shows that, on October 11, 2012, the previously-issued summonses were returned executed as to the Chief Executive Officer of GRMC (Brian Bentley was personally served) (*Doc. 12*), the Director of the Emergency Department of GRMC (Max Rothpletz was personally served) (*Doc. 13*), and the Board of Trustees of GRMC (Pamela Archibald was personally served)

(*Doc. 14*). Because the Board filed an answer to Plaintiff's complaint on November 5, 2012, Plaintiff's motion for an entry of default against the Board appears to be moot. *See* [*Doc. 19*].[2]

In addition, the present Director of the Emergency Department of GRMC, Max Rothpletz, filed a motion for summary judgment pursuant to Fed. R. Civ. P. 12(b)(6) and 56 on November 20, 2012. [*Doc. 21*]. Pursuant to Fed. R. Civ. P. 12(a)(4), a motion under Rule 12(b)(6) tolls the time for filing an answer to a complaint, and an answer is due fourteen (14) days after the motion is denied. *See Marquez v. Cable One, Inc.*, 463 F.3d 1118, 1120 (10th Cir. 2006) (explaining that a motion under Rule 12(b)(6) that was converted to a summary judgment motion by the court tolls the time to file an answer). Since the motion under Rule 12(b)(6) has not been ruled on, it appears that Plaintiff's motion for an entry of default against the current Director of GRMC, Max Rothpletz, is also moot because his answer would not be due until the motion is ruled on.

The Court notes that Mr. Rothpletz contends in his motion for summary judgment that he was not the director of GRMC at the time of the events at issue in this case. [*Doc. 21* at 2]. In his response to the motion for summary judgment, Plaintiff concedes that Mr. Rothpletz was not the director during the time period at issue and asks the Court to dismiss without prejudice Mr. Rothpletz and "the other three Defendants associated with [GRMC] . . . pending further discovery as to those Defendants associated with the Grant County Detention Center." [*Doc. 22* at 2].[3] No reply to the motion for summary judgment was filed, so it appears that there is no

---

[2]The Answer was also filed on behalf of "Brian Bentley, the Chief Executive Office[r] of [GRMC]" (*Doc. 19* at 1); however, Plaintiffs do not seek a default against this Defendant.

[3]Plaintiff's request was improperly brought in a response to a motion. *See* Fed. R. Civ. P. 7(b)(1) ("A request for a court order must be made by motion."); and Administrative Order 92-88 (May 4, 1992) ("[A]ll practitioners before the Court shall henceforth submit a separate pleading for each matter upon which adjudication or a ruling of the Court is sought.").

opposition to Plaintiff's request.[4] The Court, therefore, finds that, to the extent Plaintiff is requesting an entry of default against a <u>different</u> director of GRMC, Plaintiff has not shown that he has served that director, and his motion should be denied without prejudice.

With regard to GRMC, counsel for GRMC contends that, "[a]s an organ of Grant County, service of process upon GRMC, can only be made by serving the Grant County clerk[.] NMSA 1978, §4-46-2." [*Doc. 9* at 5]. However, Fed. R. Civ. P. 4(j)(2) provides that service upon a state-created governmental organization that is subject to suit must be made by: "(A) delivering a copy of the summons and of the complaint to its chief executive officer; or (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such defendant." Fed. R. Civ. P. 4(j)(2)(A)-(B). While the chief executive officer of GRMC has been served and has filed an answer to Plaintiff's complaint (*see Docs. 12* and *19*), it appears that Plaintiff intended this service to be on the chief executive officer, and not on GRMC, since Plaintiff is suing the chief executive officer of GRMC, as well as GRMC, and the summons does not state that it is for GRMC <u>through</u> GRMC's chief executive officer. *See* [*Doc. 12*]. Moreover, no summons has been issued as to GRMC. Therefore, it appears that GRMC may not have been served pursuant to Rule 4(j)(2)(A).[5] Be that as it may, Plaintiff's response to the Director of GRMC's motion for summary judgment indicates Plaintiff's intention to dismiss without prejudice the GRMC defendants pending further discovery as to his claims against the Grant County Detention Center Defendants.

---

[4]The Court notes that Plaintiff asked for dismissal without prejudice of the GRMC Defendants <u>before</u> a joint motion to dismiss the Grant County Detention Center Defendants was filed and granted. *Compare* [*Doc. 22*], filed on December 13, 2012, *with* [*Docs. 23* and *24*], filed January 19, 2013 and January 22, 2013, respectively. If the GRMC Defendants are dismissed, no other defendants would be left in this case, other than the unnamed defendants, there would be no party from whom to obtain discovery, and the case could not proceed and would need to be dismissed.

[5]The parties have neither raised nor argued that service on the chief executive officer of GRMC constitutes service on <u>both</u> the chief executive officer <u>and</u> GRMC and, therefore, the Court does not consider this issue.

[*Doc. 22* at 2]. If that request is granted, Plaintiff's motion for default against GRMC would become moot. Indeed, if that request is granted, the entire case would be closed as there would be no remaining named defendants. Therefore, the Court finds that Plaintiff's motion for default against GRMC should be denied without prejudice pending resolution of the motion for summary judgment and Plaintiff's request to dismiss the GRMC defendants without prejudice. If the presiding judge in this case allows Plaintiff to dismiss GRMC without prejudice, then Plaintiff's motion for default against GRMC will become moot. If GRMC is not dismissed from the case, then, at that time, Plaintiff can either seek to serve GRMC or seek entry of default against GRMC if Plaintiff believes that GRMC has already been served (*see* footnote 5 *supra*).

Finally, the Court finds that the request for costs and attorney's fees by GRMC and the Board in their response to Plaintiff's motion for default should be denied. The Court finds that Plaintiff's efforts to serve these parties, while inadequate, shows at least some effort to move this case forward and comply with the Court's rules. In addition, counsel for GRMC and the Board was incorrect in stating that service on GRMC could only be completed pursuant to state statute, and failed to acknowledge that service could be completed under Fed. R. Civ. P. 4(j)(2)(A) by serving GRMC's chief executive officer, which may have contributed to Plaintiff's counsel's confusion. The Court instructs counsel for all parties to carefully review the federal and local rules regarding service of process in the future.

**IT IS THEREFORE ORDERED** that, for the reasons stated above, Plaintiff's *Motion for Default (Doc. 8)*, is **DENIED as moot** as to the Board and as to the current Director of GRMC, Max Rothpletz; and the motion is **DENIED without prejudice** as to any previous director of GRMC and as to GRMC.

**IT IS SO ORDERED.**

_____
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**