IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

EUGENE LYNN, INDIVIDUALLY AND AS
PERSONAL REPRESENTATIVE OF THE ESTATE
OF ELIZABETH WELSH, DECEASED,

      Plaintiff,

v.                                      No. 12cv0717 MV/LAM

BOARD OF COUNTY COMMISSIONERS OF
GRANT COUNTY, NEW MEXICO, et al.,

      Defendants.

## ORDER DENYING MOTION FOR EXTENSION
## OF TIME TO SERVE PROCESS

**THIS MATTER** is before the Court on Plaintiff's *Motion for Extension of Time to Serve Process on Defendant Gila Regional Medical Center, et al. Nunc Pro Tunc (Doc. 18)*, filed October 17, 2012. On March 28, 2013, the presiding judge in this case asked the undersigned to decide this motion. No response to the motion has been filed and the time for doing so has passed. Having considered the motion, record of this case, and relevant law, the Court **FINDS** that the motion for extension of time to serve process *nunc pro tunc* shall be **DENIED as moot** in part and **DENIED without prejudice** in part.

In his motion, Plaintiff asks the Court to extend, *nunc pro tunc*, his deadline for serving Defendant Gila Regional Medical Center (hereinafter "GRMC") from October 18, 2012, to a date to be determined by the Court. [*Doc. 18* at 1-2]. It is unclear whether Plaintiff is also asking for an extension of time to serve GRMC's chief executive officer, its Board of Trustees, and Director of Emergency Department, as well, because Plaintiff states that these Defendants "have taken the position that Plaintiff's service on said Defendants is defective." *Id.* at 1. However, it is clear from

the record in this case that GRMC's chief executive officer and Board of Trustees have been served and have filed an answer to Plaintiff's complaint, so, to the extent Plaintiff's motion includes those Defendants, it is moot.  *See* [*Docs. 12, 14* and *19*].  In addition, the present Director of the Emergency Department of GRMC, Max Rothpletz, was served and filed a motion for summary judgment pursuant to Fed. R. Civ. P. 12(b)(6) and 56, so, to the extent Plaintiff's motion includes Mr. Rothpletz, it is also moot.  *See* [*Docs. 13* and *21*].

As to GRMC and as to any director of GRMC other than Mr. Rothpletz, the Court finds that Plaintiff's motion should be denied without prejudice pending resolution of Plaintiff's request to dismiss the GRMC Defendants without prejudice, which was made in Plaintiff's response to Mr. Rothpletz's motion for summary judgment.  [*Doc. 22* at 2].[1]  If the presiding judge in this case allows Plaintiff to dismiss the GRMC Defendants without prejudice, then Plaintiff's motion for an extension of time to serve them will become moot.  Indeed, if that request is granted, the entire case would be closed as there would be no remaining named defendants.  If those entities are not dismissed from the case, then Plaintiff can clarify which parties he is seeking to serve and ask the Court for an extension of time to serve them at that time.

**IT IS THEREFORE ORDERED** that, for the reasons stated above, Plaintiff's ***Motion for Extension of Time to Serve Process on Defendant Gila Regional Medical Center, et al. Nunc Pro Tunc** (Doc. 18)*, is **DENIED as moot** as to GRMC's chief executive officer, Board of Trustees, and

---

[1] The Court notes that Plaintiff's request was improperly brought in a response to a motion.  *See* Fed. R. Civ. P. 7(b)(1) ("A request for a court order must be made by motion."); and D.N.M. Administrative Order 92-88 (May 4, 1992) ("[A]ll practitioners before the Court shall henceforth submit a separate pleading for each matter upon which adjudication or a ruling of the Court is sought.").  In addition, Plaintiff asked for dismissal without prejudice of the GRMC Defendants before a joint motion to dismiss the Grant County Detention Center Defendants was filed and granted.  *Compare* [*Doc. 22*], filed on December 13, 2012, *with* [*Docs. 23* and *24*], filed January 19, 2013 and January 22, 2013, respectively.  If the GRMC Defendants are dismissed, no other defendants would be left in this case, other than the unnamed defendants, there would be no party left from whom to obtain discovery, and the case could not proceed and would need to be dismissed.

Max Rothpletz; and is **DENIED without prejudice** as to GRMC and any director of GRMC other than Mr. Rothpletz.

    **IT IS SO ORDERED.**

_____
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**